**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHRISTINE A. SHATZER,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 1:06-CV-2296** |
| : | |
| v. : | **(Chief Judge Kane)** |
| : | |
| **CONNECTICUT GENERAL LIFE** : | |
| **INSURANCE COMPANY, improperly** : | |
| **named as "CIGNA – CUSTOMER** : | |
| **ADVOCACY"** : | |
| : | |
| **Defendant** : | |

**MEMORANDUM**

Before the Court is Defendant Connecticut General Life Insurance Company's ("Connecticut General") motion to dismiss Plaintiff Shatzer's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 6.) The motion has been briefed and is ripe for disposition. For the reasons that follow, the motion to dismiss will be granted.

**I.    BACKGROUND**

    **A.    Factual background**

On October 30, 2006, Shatzer filed a pro se civil complaint in the Magisterial District Court of Franklin County, Pennsylvania, seeking an $8,000 judgment against Connecticut General[1] for breach of contract. (Doc. No. 1-3.) Specifically, Plaintiff alleged the following:

> The Plaintiff called Defendant in December 2005, to see if Gastric Bypass was a covered procedure under the policy contract. Plaintiff was told it was covered but six nutritional visits and a psychological visit was required prior to submitting a pre-authorization for

---

[1] Shatzer's complaint improperly named Defendant Connecticut General as "CIGNA – Customer Advocacy." (Doc. Nos. 1 & 1-3.)

> consideration. The Plaintiff went to a covered nutritionist at a covered hospital as well as a covered psychologist. The Defendant denied medical visits that were covered under the policy contract. These visits were disputed by the Plaintiff over a course of several month[s]. A Department of Insurance complaint was made but this did not stop the Defendant from maliciously and viciously denying claims. The result from Cigna Insurance company was Breach of Contract.

(Id.)

In her brief in opposition to the motion to dismiss, Shatzer details more fully the events leading to this litigation. (See Doc. No. 11.) Specifically, she complains that Connecticut General initially denied, in whole or in part, coverage for four pre-operative appointments with her nutritionist, and improperly delayed paying for two other pre-operative appointments with her nutritionist and psychologist, respectively. (Id. at 1-2.) Shatzer explains that it was only after her repeated requests and complaints that Connecticut General reimbursed her for the amount to which she was entitled under the "policy contract." (Id.) Shatzer also explains that she submitted a seventh claim for a post-operative follow-up appointment with her nutritionist, only to have Connecticut General deny this claim as well. (Id. at 2.) She contends that Connecticut General has yet to reimburse her for this final appointment. (Id.); (see also Doc. No. 16, at 2.) In a letter addressed to the Court and docketed April 19, 2007, Shatzer states that yet another visit, this time with her gastric bypass surgeon, was improperly denied by Connecticut General and urges the Court to find the company liable for breach of contract. (Doc. No. 22.)

The Court notes that Plaintiff has not, in her complaint or with her other filings, provided the Court with a complete copy of the "policy contract" upon which she bases her claims. Connecticut General, however, has provided a summary plan description of the "policy contract" to which Shatzer refers. (Benefits Description, Doc. No. 6-3, Ex. A.) Plaintiff has not contested

the authenticity of this document, and the Court accepts it as an accurate representation of the plan benefits effective January 1, 2006.[2]

### B.     Procedural background

On November 28, 2006, Connecticut General timely filed a notice of removal in this Court pursuant to 28 U.S.C. § 1441, on the grounds that the complaint is completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). (Doc. No. 1.)  On December 5, 2006, Connecticut General moved to dismiss Shatzer's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 6.)  In response to the Court's order to show cause why the complaint should not be dismissed (Doc. No. 10), Plaintiff filed a letter brief in opposition to the motion to dismiss (Doc. No. 11).  Defendants filed a reply.  (Doc. No. 12.)  A case management conference was held on January 30, 2007, during which the Court invited the parties to supplement their filings.  Plaintiff timely filed a supplemental brief.  (Doc. No. 16.)

Connecticut General advances several arguments as to why dismissal is appropriate, including: (1) complete ERISA preemption; (2) express ERISA preemption; (3) failure to

---

[2] In adjudicating Defendant's motion to dismiss, the Court may properly consider this document as one forming the basis of Plaintiff's claim.  See Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004) ("In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.  A document forms the basis of a claim if the document is 'integral to or explicitly relied upon in the complaint.' . . . [C]onsidering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered.") (internal citations omitted). Additionally, as explained below, because the Court is not constrained by the well-pleaded complaint rule with regard to this Court's jurisdiction, it may consider matters outside the complaint to determine whether Shatzer has "pleaded [her] suit so as to couch a federal claim in terms of state law."  Waldschmidt v. Aetna U.S. Healthcare, 225 F. Supp. 2d 560, 564 (W.D. Pa. 2002) (quoting Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 274 (3d Cir. 2001)).

exhaust the administrative-claims appeal process mandated by ERISA; (4) failure to state a basis for holding Connecticut General liable; and (5) improperly requesting extracontractual damages.

## II.     JURISDICTION

Before discussing any of Connecticut General's other arguments, the Court will address the threshold issue of jurisdiction. Shatzer has not challenged the removal of this action, this Court's jurisdiction over the case, or the general proposition that ERISA completely preempts her claims.[3]  The Court, however, recognizes that it has a continuing obligation to determine whether it has subject-matter jurisdiction in a case regardless of whether it is challenged by the parties. Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995); see also U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 389-90 (3d Cir. 2002) (noting the "duty of the federal courts to examine their subject matter jurisdiction at all stages of the litigation"). As explained below, the Court can properly exercise jurisdiction over this dispute because ERISA completely preempts the complaint.

On the face of her complaint, Shatzer does not allege any federal causes of action; rather, she contends that Connecticut General has breached contractual duties it owed to her. Ordinarily, a case cannot be removed to federal court unless it meets the requirements of the "well-pleaded complaint" rule: the federal question must appear on the face of the plaintiff's complaint. Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004); Joyce v. RJR Nabisco

---

[3] In fact, some of Plaintiff's own exhibits to the brief in opposition indicate that she is "receiving benefits through a self-funded plan that is governed by the federal government under the Employee Retirement Income Security Act (ERISA)." (Letter from Ms. Tillery, Doc. No. 11, at 12); (see also Letter from Ms. Kulak, Doc. No. 11, at 13-14) (noting that the plan about which Plaintiff complains is Progressive's self-funded plan for which Defendant provides administrative services).

Holdings, 126 F.3d 166, 171 (3d Cir. 1997). An exception to the well-pleaded complaint rule exists, however, when a plaintiff's state-law claim is "completely" preempted by federal law – meaning that Congress has "so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987); see also Dukes v. U.S. Healthcare, 57 F.3d 350, 354 (3d Cir. 1995). Section 502 of ERISA, which sets forth the Act's civil-enforcement scheme, has been construed by the Supreme Court as completely preempting "any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy."[4] Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004) (citing Metropolitan Life, 481 U.S. at 54-56); see also Barber v. UNUM Life Ins. Co., 383 F.3d 134, 140 (3d Cir. 2004). When § 502 preempts a state-law cause of action, removal of the cause of action is appropriate "even if [it is] pleaded in terms of a state law, [because the claim] is in reality based on federal law." Davila, 542 U.S. at 208 (quoting Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003)).

A claim is completely preempted under ERISA § 502 where two requirements are met: first, the plaintiff could have brought the action under § 502(a); and second, there is no other independent legal duty underlying the claim. Pascack Valley Hospital, Inc. v. Local 464A

---

[4] Complete preemption under § 502 is distinct from express preemption under § 514. Joyce v. RJR Nabisco Holdings Corp., 126 F.3d 166, 171 (3d Cir. 1997); Waldschmidt v. Aetna U.S. Healthcare, 225 F. Supp. 2d 560, 562-63 (W.D. Pa. 2002); see generally Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987) (discussing ERISA's preemption provisions and its civil enforcement scheme). Section 514(a) of ERISA generally provides that any state law that "relate[s] to any employee benefit plan," is preempted. 29 U.S.C. § 144(a); Pilot Life, 481 U.S. at 45. This provision is a substantive defense to state-law claims, but it does not provide federal courts with an independent basis for subject-matter jurisdiction. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987); Dukes, 57 F.3d at 355 (holding that a federal court is without removal jurisdiction even where "plaintiff's state claim is arguably preempted under § 514(a)").

UFCW Welfare Reimbursement Plan, 388 F.3d 393, 400 (3d Cir. 2004) (quoting Davila, 542 U.S. at 210). This Court has explained that "both of these requirements – ERISA-availability and ERISA-dependence – must be satisfied for a state-law claim to be completely preempted." Engle v. Milton Hershey Sch., No. 06-1093, 2007 U.S. Dist. LEXIS 3975, at * 13 (M.D. Pa. Jan. 19, 2007). Both requirements are satisfied here.

The ERISA-availability requirement is met because Shatzer's claims could have been brought under ERISA's civil-enforcement provisions, specifically § 502(a)(1)(B), which provides:

> A civil action may be brought–
> (1) by a participant or beneficiary–
> ***
> (B)   to recover benefits due to him under the terms of his plan, to enforce the rights under the terms of the plan, or to clarify his rights to future befits under the plan.

29 U.S.C.A. § 1132(a). Here, Shatzer is seeking either to recover benefits or to resolve issues relating to the processing of her claims under a plan that is governed by ERISA.

ERISA generally applies to any employee benefit plan established and maintained by an employer engaged in commerce. 29 U.S.C. § 1003(a). An "employee welfare benefit plan" is defined as:

> any plan fund, or program which . . . is established or maintained by an employer . . . to the extend that such plan, fund or ptrogram was established or is maintained for providing participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical or hospital care or benefits, or benefits in the event of sickness . . .

29 U.S.C. § 1002(1). The "policy contract" on which Shatzer bases her claim is, in fact, a self-funded employee welfare benefit plan sponsored by The Progressive Corporation. (Clemens

Affidavit ¶¶ 2-3, Doc. No. 6-3); (see also Benefits Description, Doc. No. 6-3, Ex. A).  The plan was established and maintained to provide its employees with ERISA-covered benefits, (see Benefits Description), and Shatzer was a participant in the plan by virtue of her employment with The Progressive Corporation or one of its affiliated companies (Clemens Affidavit ¶ 3).  Because the plan is one governed by ERISA and because Shatzer is seeking to recover benefits under the plan, this is an action which could have been brought under ERISA's civil-enforcement provision.  Accordingly, the Court finds that the ERISA-availability requirement is met.

ERISA-dependence, the second requirement for complete preemption, is met if "no legal duty (state or federal) independent of ERISA or the plan terms is violated."  Pascack Valley Hospital, 388 F.3d at 400 (quoting Davila, 524 U.S. at 210).  This requirement is a recognition that "ERISA does not preempt state laws that might afford parallel relief from the same set of facts as long as the state law claims do not protect those rights protected by" ERISA.  Trotter v. Perdue Farms, Inc., 168 F. Supp. 2d 277, 283 (D. Del. 2001) (citing John Hancock Mut. Life Ins. Co. v. Harris Trust & Sav. Bank, 510 U.S. 86, 98 (1993)).  In this case, Shatzer's claims are ERISA-dependent: they derive entirely from the rights and obligations established by The Progressive Corporation's self-funded employee welfare benefits plan.  Davila, 542 U.S. at 210, 213 (explaining that state-law claims are completely preempted where liability "derives entirely from the particular rights and obligations established by the [ERISA] benefit plans"); see also Metropolitan Life, 481 U.S. at 62-63 ("[A] suit by a beneficiary to recover benefits from a covered plan . . . falls directly under § 502(a)(a)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes.").

Because both of the requirements for complete preemption are met, the Court has subject-matter jurisdiction over this case, and the motion to dismiss is properly before the Court.

### III.   STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). The Court, in turn, must "examine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Hill v. Borough of Kutztown, 455 F.3d 225, 233 (3d Cir. 2006) (quoting Delaware Nation v. Pennsylvania, 446 F.3d 410, 415 (3d Cir. 2006)). In so doing, the Court "need not credit a complaint's 'bald assertions' or 'legal conclusions[.]'" Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). Rather, a court must only determine "whether the claimant is entitled to offer evidence to support the claims." Pennsylvania Psychiatric Soc. v. Green Spring Health Servs., Inc., 280 F.3d 278, 283 (3d Cir. 2002) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997)).

### IV.   DISCUSSION

Shatzer's complaint must be dismissed for the same reasons for which the Court has jurisdiction – her state-law breach-of-contract action is completely preempted by ERISA's civil

enforcement provision. It is also expressly preempted by ERISA § 514 as a claim "relating to" an employment benefits program. 29 U.S.C. § 144(a); Pilot Life, 481 U.S. at 43, 47 (stating, "There is no dispute that the common law causes of action [in tort and contract for improper claim processing] fall under ERISA's express pre-emption clause, § 514(a)."); see also supra footnote 4. Accordingly, the Court will dismiss Shatzer's complaint.

Because the Court finds that Shatzer's state-law breach-of-contract claim is completely and expressly preempted by ERISA, it need not address Connecticut General's other arguments for dismissal. Should Shatzer choose to file an amended complaint asserting ERISA violations, she would be well-advised to consider Connecticut General's arguments relating to failure to exhaust the ERISA administrative claims appeal process, failure to state a basis for holding Connecticut General liable, and improperly requesting extracontractual damages.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHRISTINE A. SHATZER,** : | |
| : | |
| Plaintiff : | **CIVIL ACTION NO. 1:06-CV-2296** |
| : | |
| v. : | **(Chief Judge Kane)** |
| : | |
| **CONNECTICUT GENERAL LIFE** : | |
| **INSURANCE COMPANY, improperly** : | |
| **named as "CIGNA – CUSTOMER** : | |
| **ADVOCACY"** : | |
| : | |
| Defendant : | |

## ORDER

**AND NOW**, this 25th day of April, 2007, upon consideration of Defendant Connecticut General's motion to dismiss (Doc. No. 6), and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED THAT** Defendant's motion is **GRANTED**. Plaintiff's compliant is **DISMISSED** as being preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").

Should Plaintiff desire to file an amended complaint alleging that Connecticut General has violated ERISA, said amended complaint must be filed within twenty (20) days of the issuance of this Order. If Plaintiff fails to file a timely amended complaint, the Court will direct the Clerk of Court to close the case file without further notice.

 S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania